UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
NORTHROCK MINERALS LLC,

        *Plaintiff*,

  – against –

JOSEPH COHEN and SNOW JOE LLC,

        *Defendants*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Case No. 24-cv-3155 (JSR)

**ANSWER**

Defendants Joseph Cohen ("Cohen") and Snow Joe LLC ("Snow Joe," and with Cohen collectively, "Defendants"), by and through their attorneys, Judd Burstein, P.C., as and for their Answer to the Complaint of Plaintiff Northrock Minerals LLC ("Plaintiff" or "Northrock"), allege as follows:

1.    Deny the allegations set forth in Paragraph 1 of the Complaint.

2.    In answer to the allegations set forth in Paragraph 2 of the Complaint, Defendants refer the Court to the agreements referenced for a complete statement of the terms and conditions stated therein. By way of a further response, Paragraph 2 of the Complaint asserts legal conclusions to which no response is required.

3.    In answer to the allegations set forth in Paragraph 3 of the Complaint, Defendants refer the Court to the agreements referenced for a complete statement of the terms and conditions stated therein.

4.    In answer to the allegations set forth in Paragraph 4 of the Complaint, Defendants refer the Court to the agreements referenced for a complete statement of the terms and conditions set forth therein. By way of a further answer, Defendants admit only that they did not make certain payments as alleged, and deny that they are in default.

5.    Defendants deny the allegations set forth in Paragraph 5 of the Complaint.

6. Defendants admit the allegations set forth in Paragraph 6 of the Complaint.

7. Defendants admit the allegations set forth in Paragraph 7 of the Complaint except deny that Snow Joe's principal place of business is located in Suite 1300.

8. In answer to the allegations set forth in Paragraph 8 of the Complaint, Defendants refer the Court to the agreements referenced for a complete statement of the terms and conditions stated therein but also allege specifically that Plaintiff agreed to sell its entire business to Snow Joe, and not merely its assets.

9. In answer to the allegations set forth in Paragraph 9 of the Complaint, Defendants refer the Court to the agreement referenced (the "Promissory Note") for a complete statement of the terms and conditions stated therein.

10. In answer to the allegations set forth in Paragraph 10 of the Complaint, Defendants refer the Court to the Promissory Note for a complete statement of the terms and conditions stated therein.

11. In answer to the allegations set forth in Paragraph 11 of the Complaint, Defendants refer the Court to the Promissory Note for a complete statement of the terms and conditions stated therein.

12. In answer to the allegations set forth in Paragraph 12 of the Complaint, Defendants refer the Court to the Promissory Note referenced for a complete statement of the terms and conditions stated therein.

13. In answer to the allegations set forth in Paragraph 13 of the Complaint, Defendants refer the Court to the Promissory Note for a complete statement of the terms and conditions stated therein.

14. In answer to the allegations set forth in Paragraph 14 of the Complaint, Defendants refer the Court to the agreement referenced (the "Guaranty") for a complete statement of the terms and conditions stated therein.

15. In answer to the allegations set forth in Paragraph 15 of the Complaint, Defendants refer the Court to the Guaranty for a complete statement of the terms and conditions stated therein.

16. In answer to the allegations set forth in Paragraph 16 of the Complaint, Defendants refer the Court to the Guaranty for a complete statement of the terms and conditions stated therein.

17. In answer to the allegations set forth in Paragraph 17 of the Complaint, Defendants refer the Court to the agreement referenced (the "Payment Agreement")[1] for a complete statement of the terms and conditions stated therein.

18. In answer to the allegations set forth in Paragraph 18 of the Complaint, Defendants refer the Court to the Payment Agreement for a complete statement of the terms and conditions stated therein.

19. In answer to the allegations set forth in Paragraph 19 of the Complaint, Defendants refer the Court to the Payment Agreement for a complete statement of the terms and conditions stated therein.

20. In answer to the allegations set forth in Paragraph 20 of the Complaint, Defendants refer the Court to the Payment Agreement for a complete statement of the terms and conditions stated therein.

---

[1] Defendants have adopted Plaintiff's description of this agreement in the Complaint as a "Payment Agreement" for clarity purposes only, and do not admit that the characterization of the contract as a "Payment Agreement" is an accurate description of the agreement.

21. In answer to the allegations set forth in Paragraph 21 of the Complaint, Defendants refer the Court to the Payment Agreement for a complete statement of the terms and conditions stated therein.

22. In answer to the allegations set forth in Paragraph 22 of the Complaint, Defendants admit only that Snow Joe did not make payments on February 1, 2023 and March 1, 2023, but deny that those payments were "required" under the Promissory Note.

23. In answer to the allegations set forth in Paragraph 23 of the Complaint, Defendants admit only that Snow Joe did not make the payments on the referenced dates, but deny that those payments were required under the Payment Agreement.

24. Defendants admit the allegations set forth in Paragraph 24 of the Complaint.

25. In answer to the allegations set forth in Paragraph 25 of the Complaint, Defendants admit only that Snow Joe made payments as referenced, but deny the amount alleged and further deny that Snow Joe is in default.

26. Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

## ANSWERING COUNT I OF THE COMPLAINT

28. In answer to the allegations set forth in Paragraph 28 of the Complaint, Defendants repeat and reallege the responses to Paragraphs 1 through 27 of the Complaint stated above as if fully and completely set forth herein.

29. The allegations set forth in Paragraph 29 of the Complaint purport to state legal conclusions to which no response is required.

30. Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

31. Defendants deny the allegation set forth in Paragraph 31 of the Complaint.

32. Defendants deny the allegations set forth in Paragraph 32 of the Complaint.

33. Defendants deny the allegations set forth in Paragraph 33 of the Complaint.

34. Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

## ANSWERING COUNT II OF THE COMPLAINT

35. In answer to the allegations set forth in Paragraph 35 of the Complaint, Defendants repeat and reallege the responses to Paragraphs 1 through 34 of the Complaint stated above as if fully and completely set forth herein.

36. The allegations set forth in Paragraph 36 of the Complaint purport to state legal conclusions to which no response is required.

37. Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38. Defendants deny the allegation set forth in Paragraph 38 of the Complaint.

39. Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40. Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41. Defendants deny the allegations set forth in Paragraph 41 of the Complaint.

42. No response to Paragraph 42 of the Complaint is required, as it merely states a request for relief which Defendants address in the WHEREFORE clause at the bottom of this pleading.

## ANSWERING COUNT III OF THE COMPLAINT

43. In answer to the allegations set forth in Paragraph 43 of the Complaint, Defendants repeat and reallege the responses to Paragraphs 1 through 42 of the Complaint stated above as if fully and completely set forth herein.

44. The allegations set forth in Paragraph 44 of the Complaint purport to state legal conclusions to which no response is required.

45. Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46. Defendants deny the allegation set forth in Paragraph 46 of the Complaint.

47. Defendants deny the allegations set forth in Paragraph 47 of the Complaint.

48. Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

49. Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50. No response to Paragraph 50 of the Complaint is required, as it merely states a request for relief which Defendants address in the WHEREFORE clause at the bottom of this pleading.

## ANSWERING COUNT IV OF THE COMPLAINT

51. In answer to the allegations set forth in Paragraph 51 of the Complaint, Defendants repeat and reallege the responses to Paragraphs 1 through 50 of the Complaint stated above as if fully and completely set forth herein.

52. The allegations set forth in Paragraph 52 of the Complaint purport to state legal conclusions to which no response is required.

53. Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

54. Defendants deny the allegation set forth in Paragraph 54 of the Complaint,

55. Defendants deny the allegations set forth in Paragraph 55 of the Complaint.

56. Defendants deny the allegations set forth in Paragraph 56 of the Complaint.

57. Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

58. Defendants deny the allegation set forth in Paragraph 58 of the Complaint.

59. Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

60. No response to Paragraph 60 of the Complaint is required, as it merely states a request for relief which Defendants address in the WHEREFORE clause at the bottom of this pleading.

### FIRST AFFIRMATIVE DEFENSE

61. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

62. Any contractual obligations which Defendants may have owed to Plaintiff under the Promissory Note, the Guaranty, or the Payment Agreement have been excused by reason of Plaintiff's prior material breaches.

### THIRD AFFIRMATIVE DEFENSE

63. Any contractual obligations which Defendants may have owed to Plaintiff under the Promissory Note, the Guaranty, or the Payment Agreement have been excused by reason of Plaintiff having breached the implied covenant of good faith and fair dealing.

### FOURTH AFFIRMATIVE DEFENSE

64. Plaintiff's claims are barred by reason of its having fraudulently induced Defendants into entering into the agreements sued upon herein.

### FIFTH AFFIRMATIVE DEFENSE

65. Any damages claimed by Plaintiff are barred and/or subject to setoff by reason of Plaintiff's breach of its contractual obligations.

### SIXTH AFFIRMATIVE DEFENSE

66. Plaintiff's alleged damages are subject to setoff, in whole or in part, by virtue of Plaintiff's unjust enrichment.

### SEVENTH AFFIRMATIVE DEFENSE

67. Any losses suffered by Plaintiff are attributable in whole or in part to its own conduct.

### EIGHTH AFFIRMATIVE DEFENSE

68. The merchandise that Plaintiff provided to Snow Joe failed to approach the agreed upon quality standards.

### NINTH AFFIRMATIVE DEFENSE

69. Plaintiff lacks standing to pursue this action.

### TENTH AFFIRMATIVE DEFENSE

70. Plaintiff lacks capacity to bring this action.

### ELEVENTH AFFIRMATIVE DEFENSE

71. Plaintiff is not the real party in interest.

### TWELFTH AFFIRMATIVE DEFENSE

72. Defendants reserve the right to assert additional defenses should discovery provide more information to give rise to same.

**WHEREFORE**, Defendants demand Judgment granting the following relief:

A. Dismissal of the Complaint;

B. Reasonable attorneys' fees to the extent permitted by law;

C. The costs and disbursements of this action; and

D. Such other and further relief as deemed just and proper by the Court.

Dated: New York, New York
May 16, 2024

Yours, etc.,

JUDD BURSTEIN, P.C.

By:   /s/ Judd Burstein
      Judd Burstein (JB9585)
110 East 59th Street, 22nd Floor
New York, New York 10022
(212) 974-2400
(212) 974-2944 (Fax)
jburstein@burlaw.com
*Attorneys for Defendants*
*Joseph Cohen and Snow Joe LLC*