UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
NORTHROCK MANAGEMENT LLC,
f/k/a NORTHROCK MINERALS LLC,

        Case No. 24-cv-3155 (JSR)

*Plaintiff/Counterclaim-Defendant*,

– against –

JOSEPH COHEN and SNOW JOE LLC,

*Defendants/Counterclaim-Plaintiffs*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
SNOW JOE LLC,

*Third-Party Plaintiff*,

– against –

MOSHE WECHSLER,

*Third-Party Defendant*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

## **DECLARATION OF PETER B. SCHALK**

**PETER B. SCHALK** hereby declares under penalty of perjury:

1.      I am an attorney duly admitted to the Bar of this Court.

2.      I am a principal of Judd Burstein, P.C., attorneys for Defendant/Counterclaim-Plaintiff Joseph Cohen ("Cohen") and Defendant/Counterclaim-Plaintiff and Third-Party Plaintiff Snow Joe LLC ("Snow Joe," and with Cohen collectively, "Defendants") in the above-captioned matter.

3.      I submit this Declaration in opposition to the motion for summary judgment filed by Plaintiff/Counterclaim-Defendant Northrock Management LLC, f/k/a Northrock Minerals LLC ("Northrock") and Third-Party Defendant Moshe Wechsler ("Moshe," and with Northrock collectively, "Plaintiffs").

4. The principal purpose of this Declaration is to identify essential facts unavailable to Defendants to use in opposition to this motion pursuant to Fed. R. Civ. P. 56(d). I subsequently address two discrete issues about the record on this motion.

A. **Facts Unavailable to Defendants to Use in Opposition to Plaintiffs' Motion for Summary Judgment**

5. The essential facts that are unavailable to Defendants relate to discovery that was the subject of two prior discovery applications that the Court denied in part based on the record that was before it at the time. However, the discovery that Defendants did obtain provides additional justification for the discovery that the Court initially denied, and Defendants respectfully ask the Court to reconsider its prior rulings as outlined below.

    i.    **The Northrock Discovery**

6. On September 5, 2024, the Court issued a discovery Order (the "September 5 Order") (Dkt. No. 37) which granted in part and denied in part Defendants' application to compel discovery from Plaintiffs. The September 5 Order contains three rulings that are relevant here:

7. **First**, the Court denied Defendants' request for "Documents and Communications concerning (a) the *Emerald Interest* Litigation, (b) the transfer of assets of Dart or Barry Wachsler to Northrock, and (c) how Northrock obtained (i) the intellectual property it sold to Snow Joe, and (ii) the rights to transfer the Home Depot purchase orders" (the "Asset Transfer Discovery"). *See* September 5 Order at p. 1, Dispute No. 2.

8. Northrock and Moshe Moshe contend that Barry Wachsler ("Barry")[1] is using the New Jersey corporation Blue Minerals Corporation ("Blue Minerals NJ") to compete with Snow

---

[1] At times I use Messrs. Wechsler and Wachsler's first names herein to avoid confusion arising from their similar last names.

Joe, and that neither Moshe nor Northrock have any interest in Blue Minerals NJ or its ice melt business. However, the document production that Defendants did obtain shows that, on December 28, 2020, Blue Minerals NJ transferred a trademark used in the ice melt business to Northrock. Exhibit 91[2] at P004796. That transfer occurred six (6) days after the *Emerald Interest* Court entered a $4 million judgment against Barry Wachsler and Dart on December 22, 2020, which precipitated the transfer of their ice melt business to Northrock. Exhibit 15. Also, on January 28, 2021, Northrock filed a statement of use for Blue Minerals NJ's trademark (Exhibit 158), and paid Blue Minerals NJ's trucking expenses in late 2021 into early 2022. Exhibits 93 and 94.

9. Hence, the document production to date suggests that Northrock and/or Moshe assumed an interest in Blue Minerals NJ's ice melt business in connection with the *Emerald Interest* judgment. Moshe Wechsler's ties to Blue Minerals NJ are absolutely critical to Snow Joe's claim that he breached the Non-Compete and, therefore, its defense to summary judgment. The Asset Transfer Discovery could relate directly to that question and, respectfully, should be produced.

10. Defendants seek the Asset Transfer Discovery for the period of January 1, 2020 through June 30, 2021.

11. **Second**, the Court denied Defendants' request for "Documents and Communications concerning financing that the Wechsler Parties [*i.e.*, Plaintiffs] provided to Barry Wachsler or entities in which he had an interest" (the "Barry Wachsler Financing Discovery"). *See* September 5 Order at p. 2, Dispute No. 3.

---

[2] Unless indicated otherwise, all citations to "Exhibit(s)" in this Declaration are to the Exhibits submitted with Defendants' opposition to summary judgment.

3

12. Since the Court issued this ruling, however, Barry testified that Blue Minerals did not open a bank account until in or around November 2023. Exhibit 7, Transcript of Barry Wachsler's Deposition, dated November 1, 2024 ("Barry Tr."), at 53:3-4. Based on the Asset Purchase Agreement between Snow Joe and Northrock, Home Depot requires load ins of ice melt in September. Exhibit 152 at p. 16. Therefore, the evidence suggests that Blue Minerals NJ could not have financed its production of ice melt for the 2023-24 ice melt season without an outside funding source. There is also evidence in the record that Barry and Moshe engaged in financial transactions through numerous entities -- *e.g.*, Northrock, Dart, Dort, MSPA, KLIA, 4 American Way, LLC, **and** Blue Minerals NJ. *See, e.g.*, Dkt. No. 52-19 at 68:19-69:19 and 70:18-72:5. If Moshe helped finance Blue Minerals NJ's competition with Snow Joe, that would be a crucial fact to use in opposition to summary judgment and in the litigation generally.

13. The Barry Wachsler Financing Discovery is targeted to whether Moshe provided such financing and, respectfully, should be produced.

14. Defendants seek the Barry Wachsler Financing Discovery for the period of August 1, 2022 to the present.

15. **Third**, the Court denied Defendants' request for "Documents and Communications concerning the disposition of money paid by Snow Joe" (the "Snow Joe Payments Discovery"). *See* September 5 Order at p. 2, Dispute No. 7.

16. The discovery that Defendants did obtain shows that Northrock paid $1 million to Dort on August 25, 2024 (Exhibit 231 at BW000169), the day after Snow Joe paid Northrock $3.4 million under the APA. Barry testified that "I essentially use [Dort] as a personal account." Barry Tr. at 48:20-21. Accordingly, the $1 million payment could have been used to fund Blue Minerals NJ's competition with Snow Joe.

17. The Snow Joe Payments Discovery seeks proof that monies Snow Joe paid to Northrock were in turn used to fund competition against Snow Joe. Such documents would constitute compelling evidence that Moshe assisted competition against Snow Joe and would be essential to Snow Joe's opposition to this motion.

18. Defendants seek the Snow Joe Payments Discovery for the period of August 1, 2022 to November 30, 2023.

### ii. The Barry Wachsler Discovery

19. Defendants also sought document discovery from nonparty Barry Wachsler pursuant to a subpoena duces tecum.

20. Relevant here is that, in response to Barry's objections, the Court only required that he produce Documents and Communications with Moshe, inclusive of financial records, that directly related to ice melt. September 5 Order at p. 1, Dispute No. 1. This ruling significantly limited Barry's document production.

21. However, the discovery available has shown that, in addition to ice melt, Moshe and Barry used Northrock to sell Personal Protective Equipment during the pandemic (Dkt. No. 52-19 at 117:8) and chemicals to Consolidated Edison (Exhibit 16 at § 4). Moreover, in a March 21, 2022 email, Barry wrote Moshe that "I need to undo a lot of [accounting] entries so that it looks presentable to a bank." Exhibit 41. Hence, it is a fair inference that Northock, Barry, and Moshe did not adequately separate their ice melt financial transactions from other financial transactions. As such, Barry should not be able to pick and choose which financial records related only to ice melt.

22. Any financial transactions that tie Moshe to Blue Minerals NJ or ice melt sales since August of 2022 would be critical for establishing competition and opposing summary

5

judgment. Accordingly, we respectfully ask the Court to require Barry to produce all Documents and Communications with Moshe, inclusive of financial records, from August 1, 2022 to March 1, 2024, not simply those concerning ice melt. We believe the March 1, 2024 cutoff is warranted because Blue Minerals NJ did not establish a bank account until in or around November of 2023, and relevant transactions likely could have occurred throughout the ice melt season.

23. Because the discovery sought herein concerns Barry Wachsler, we are providing him with a copy of this Declaration.

### iii. Limited Depositions

24. If the Court grants some or all of the document discovery identified above, Defendants also request very brief, follow-up depositions of Moshe and Barry strictly limited to the new document production.

### B. Snow Joe's Document Production

25. On August 16, 2024, as part of its document production, our law firm produced to Northrock's counsel an Excel file in native format bearing Bates Number COHEN_SJ004987 (the "Excel File").[3] One of the purposes of this production was to provide Northrock with Snow Joe's underlying financial records that were used for the calculation of net profits contained in Snow Joe's First Amended Answers and Objections to Plaintiff's First Set of Interrogatories. Exhibit 6.

---

[3] The Excel File is not an exhibit submitted with Defendants' opposition to summary judgment because it simply serves as the underlying information that supports the evidence provided in Snow Joe's interrogatory responses. It is also incredibly voluminous and would be extremely difficult to file on ECF.

C.  **<u>Certain Exhibits</u>**

26. The record on Defendants' opposition to this motion contains certain Exhibits that are public records, for example, information about entities formed in New York State contained on the servers of the New York State Department of State. All such Exhibits are true and accurate copies of public records accessible on the servers of public entities as obtained by Defendants' counsel.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of November, 2024, in the State of New York, County of New York.

                                                     /s/ Peter B. Schalk
                                                     PETER B. SCHALK